L. S. WEEKS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2604. Promulgated February 24, 1927.

*Held,* that the petitioner is entitled to compute its income under the provisions of section 212(d) of the Revenue Act of 1926.

*T. J. Riordan, Esq.,* and *P. G. Sheehy, Esq.,* for the petitioner.
*George E. Adams, Esq.,* for the respondent.

The respondent has asserted deficiencies for the fiscal period May 12, 1918, to April 30, 1919, the fiscal period May 1 to December 31, 1919, and the calendar year 1920, in the respective amounts of $918.63, $597.25, and $3,570.39. But one issue is involved: Whether the petitioner is entitled to have its taxable net income, for the periods and year under consideration, determined upon the installment sales basis.

FINDINGS OF FACT.

Petitioner, a California corporation with its principal office at Stockton, is engaged in the business of selling automobiles, automo-

bile accessories and parts, and in the conduct of a general service station. It commenced business on or about May 12, 1918.

During the periods and year under consideration, the petitioner sold automobiles on a cash basis and also on a deferred payment or conditional sales plan. Under the latter plan purchasers executed a conditional sales contract which provided, among other things, that title to the automobile described therein remained in the vendor until full payment was made. The initial payments varied; in some cases they exceeded and in other cases they were less than 25 per cent of the full purchase price. In some cases used cars were accepted from purchasers as part payment, and in such cases the value allowed on the used car was treated as the initial payment.

The petitioner maintained a ledger account with each purchaser of an automobile on the conditional sales plan. Upon execution of a conditional sales contract, the purchaser's account was charged with the full purchase price of the automobile and credited with the initial payment, including the " trade-in " value of the used car. Thereafter, the account was credited with the deferred payments as and when made.

The petitioner's books of account were maintained on the accrual basis, and were so kept that an accurate determination of its net income, for all of the accounting periods under consideration, may be made upon the installment sales basis. The net income reported in the original returns which the petitioner filed for the fiscal periods ended April 30, 1919, and December 31, 1919, was computed on the straight accrual basis, all sales under conditional sales contracts being treated as closed and completed transactions. In an amended return which it filed for the fiscal period ended April 30, 1919, and in the original return for the calendar year 1920, the net income shown was computed according to the petitioner's conception of the installment sales method. The respondent has held that the petitioner is not entitled to compute its net income according to the installment sales method; and the deficiencies which he has asserted are based upon the net income computed upon the straight accrual basis.

### OPINION.

LANSDON: The petitioner, relying upon the provisions of sections 212(d) and 1208 of the Revenue Act of 1926, contends that the income from sales of automobiles under conditional sales contracts, for the accounting periods under consideration, should be determined on the installment sales basis. The respondent has refused to compute the income upon the basis contended for by the petitioner and denies that the petitioner is entitled to have its income computed upon such basis, because the books of account were not

maintained upon that basis. The respondent, in defense of his action, relies upon the provisions of section 212(b) of the Revenue Act of 1918, and the same section of the Revenue Act of 1926, which provide that "the net income shall be computed * * * in accordance with the method of accounting regularly employed in keeping the books." Section 212(d) of the Revenue Act of 1926, so far as pertinent to the matter under consideration, provides as follows:

> Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the total profit realized or to be realized when the payment is completed, bears to the total contract price.

By the provisions of section 1208 of the Revenue Act of 1926, the above provisions of section 212(d) are to be retroactively applied in computing the net income under the Revenue Act of 1918. This method of reporting income from installment sales is commonly referred to as the "installment sales method." The right to return income from installment sales in accordance with this method is extended to any person "who regularly sells or otherwise disposes of personal property on the installment plan." Nothing is found in the provisions of section 212(d) which can be construed as limiting them, in their application, to persons who employed the installment sales method in keeping the books of account. Had Congress intended so to limit these provisions of the statute, it could have expressly made their application subject to the provisions of subdivision (b) of the same section. The fact that Congress did not do so indicates quite clearly to our minds that the provisions of subdivision (d) were intended as an exception to the hard and fast rule laid down in subdivision (b) that the net income is to be computed in accordance with the method of accounting regularly employed in keeping the books of account.

Under the authority conferred upon him by the above provisions of section 212(d) to prescribe regulations for the proper enforcement thereof, the respondent, in his Regulations 69, has laid down the rules for the reporting of income upon the installment sales basis. In article 42 of those Regulations, it is provided:

> The provisions of this article shall be retroactively applied in computing income from the sale of personal property under the Revenue Acts of 1916, 1917, 1918, 1921, and 1924, or any such Acts as amended. (See section 1208.) Any dealer in personal property on the installment plan whose books of account contain adequate information and were kept so that income can be accurately computed on the installment basis in accordance with the provisions of this article may file amended returns accordingly, and the excess of the amount of

any tax previously paid over the tax as computed on the installment basis as herein provided shall, subject to the statutory period of limitations properly applicable thereto, be credited or refunded as provided in section 284 and articles 1301–1306.

Thus it will be noted that the attitude which the respondent has assumed toward the rights of the petitioner in the case at bar is distinctly in contravention of the policy enunciated in his regulations. We think the above quoted provisions of the regulations correctly construe the statute; and are applicable to the facts in the case at bar. During the fiscal periods and year under consideration, the petitioner was regularly engaged in the sale of personal property on the installment plan; its books of account were so kept that adequate data is available therefrom upon which to predicate an accurate computation of income from installment sales; and it has elected to exercise the right to report its income from installment sales upon the installment sales basis. Nothing further is required by the statute.

The evidence is insufficient to enable us to determine whether the petitioner's computations of income from installment sales are accurate or not. What the record contains in that respect is not entirely clear. It would appear that the petitioner is attempting to exclude from the income of each of the accounting periods, a pro rata part of the profits as unrealized, without including the same in the income of the next succeeding year when the deferred payments were completed. For these reasons, we are unable to approve the petitioner's computations of income. It is entitled, however, to have its income from sales of automobiles on the conditional sales plan determined in accordance with the provisions of section 212(d) of the Revenue Act of 1926.

> *Judgment will be entered on 15 days' notice, under Rule 50.*